OPINION
{¶ 1} Jennifer Anderson is appealing the judgment of the Vandalia Municipal Court. Anderson was convicted of criminal damaging.
 {¶ 2} In May of 2004, Phyllis Schacht spent the night at her boyfriend, Jason Jarrell's, apartment in Vandalia, Ohio. She parked her car in a space behind her boyfriend's apartment. At approximately 3:00 a.m., Jarrell awoke and saw his neighbor, Anderson, throwing two or three objects at Schacht's car. Unconcerned, Jarrell returned to sleep. The next morning, Schacht found eggshells and egg yolks on and around her car. Schacht and Jarrell washed off the egg residue, but the car's paint was damaged. They called the police. Officer Minnix responded and observed the vehicle's damage.
 {¶ 3} Anderson was charged, tried, and convicted of criminal damaging for throwing eggs at Schacht's car. Anderson was sentenced to a 90 day suspended jail sentence, fined $50.00 and court costs, and ordered to pay restitution in the amount of $877.40. She has filed this appeal from her conviction, raising the following assignments of error:
 {¶ 4} "[I.] THE GUILTY VERDICT SHOULD BE REVERSED BECAUSE THERE IS INSUFFICIENT EVIDENCE TO WARRANT A CONVICTION, AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 5} "[II.] THE VERDICT AGAINST APPELLANT SHOULD BE REVERSED BECAUSE SHE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HER RIGHTS UNDER THE DUE PROCESS CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION TEN OF THE OHIO CONSTITUTION, AS WELL AS APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH
AMENDMENT TO THE UNITED STATES CONSTITUTION."
Appellant's first assignment of error:
 {¶ 6} Anderson argues that her conviction is not supported by a sufficiency of the evidence and is against the manifest weight of the evidence. We disagree.
 {¶ 7} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. A reviewing court must always be mindful that credibility is an issue best resolved by the trier of fact. State v. Thomas (1982),70 Ohio St.2d 79, 80; State v. DeHass (1967), 10 Ohio St.2d 230. Further, the court will give deference to the factual determinations of the trial court if it is supported by competent, credible evidence. Statev. McMasters, Montgomery App. No. 19641, 2003-Ohio-2520 citing Myers v.Garson (1993), 66 Ohio St.3d 610, 614. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, supra at 175.
 {¶ 8} In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259, 273.
 {¶ 9} R.C. 2909.06 (A)(1), Criminal Damaging, states:
 {¶ 10} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 {¶ 11} "(1) Knowingly, by any means;"
 {¶ 12} Anderson argues that the circumstantial evidence against her was insufficient to find her guilty because no one saw her throw eggs, saw them hit Schacht's car, or opined that eggs caused the damage. Jarrell testified that he saw Anderson throwing objects at Schacht's car and saw them hit the car. While he could not identify the objects, Schacht testified that the next morning her car had egg yolks and eggshells on and around it. Additionally, although Jarrell conceded that several others were present at Anderson's residence, he observed Anderson standing alone. One could reasonably infer that Jarrell witnessed Anderson throwing eggs at Schacht's car. Moreover, when Jarrell and Schacht washed the car, there was paint damage where the egg residue had been. This damage was not present the previous evening. One could reasonably infer that the eggs caused the paint damage. The evidence supports the conclusion that Anderson knowingly caused physical harm to Schacht's car without her consent.
 {¶ 13} Anderson also attacks Jarrell's credibility, challenging his claim that he went back to sleep after seeing Anderson throw objects at Schacht's car. However, credibility is best determined by the trier of fact. Thus, we must defer to the trial court's factual determinations when supported by competent, credible evidence. Jarrell testified that he saw Anderson throw two or three objects at Schacht's car. Further, Jarrell testified that he had been surprised by the damage done to the car. It is reasonable that Jarrell did not appreciate the potential damage and, thus, returned to sleep. The trial court was in the best position to evaluate Jarrell as a witness and determine his credibility. We cannot say that it erred in finding his testimony credible.
 {¶ 14} Given the evidence presented at trial, we conclude that a reasonable trier of fact could have found that the State proved the essential elements of criminal damaging. We do not find that the evidence in this case weighs heavily against conviction. Thus, Anderson's conviction was supported by sufficient evidence and is not against the manifest weight of the evidence.
 {¶ 15} Anderson's first assignment of error is without merit and is overruled.
Appellant's second assignment of error:
 {¶ 16} Anderson argues that she received ineffective assistance of counsel because her attorney did not object to the State's witnesses' statements that the eggs caused damage to the vehicle. We disagree.
 {¶ 17} We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See id. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. See id. at 687. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id. at 689.
 {¶ 18} Anderson's appellate counsel argues her trial counsel failed to object to the State's witnesses' testimony that the eggs caused a spider web effect in the paint of Schacht's car. Anderson asserts that her counsel was ineffective as a result. A review of the transcript reveals that Anderson's counsel misstates the record. Anderson's trial counsel did in fact object to Schacht's testimony that the egg yolk damaged the paint of her car in a spider web effect. (Tr. 9-10). Anderson's trial counsel was not ineffective in handling Schacht's testimony.
 {¶ 19} In regard to Officer Minnix's testimony, he testified that when he observed the car the paint had "spider webbed" or "cracked underneath the clear coat". (Tr. 21). Minnix had previously seen cars with similar damage caused by eggs. However, Minnix also testified that he had not observed the eggs on the car because it had already been washed. Anderson's counsel did not err in failing to object to Minnix's testimony. Minnix does not opine that the eggs caused the damage. Rather, Minnix testified only that he saw the damage to the car after the eggs had been removed. Although he testified the damage was similar to egg damage he had seen, he did not opine that eggs caused the damage to the car. Therefore, Anderson's trial counsel did not err in failing to object to this testimony.
 {¶ 20} As to Jarrell's testimony, he did not testify that eggs had caused a spider web effect on the car's paint. The only similar testimony was his statement that he "noticed what kind of damage the eggs did to it. I guess it eats the clear coat off the paint, or something like that." (Tr. 14). In this testimony, Jarrell is explaining that initially they did not plan on contacting the police but changed their minds upon observing the damage. Jarrell is not offering this testimony as opinion that the eggs caused the damage. Because Jarrell was not offering opinion evidence that eggs caused this specific damage, we do not find Anderson's trial counsel erred by not objecting to this statement.
 {¶ 21} Even assuming that an objection was warranted for Jarrell's testimony, we cannot say that but for this statement the outcome of the trial would have been different. Schacht testified that when she entered Jarrell's apartment her car was not damaged. Jarrell testified that he saw Anderson throwing objects at Schacht's car in the middle of the night. The next morning Schacht's car had eggshells and yolk on and around it. Schacht, Jarrell, and Minnix all testified that Schacht's car was damaged. This evidence supporting conviction was strong and not dependent on Jarrell's statement about how eggs damage car paint.
 {¶ 22} Anderson was not rendered ineffective assistance of counsel. The second assignment of error is without merit and is overruled.
 {¶ 23} The judgment of the trial court is affirmed.
Brogan, P.J. and Wolff, J., concur.